IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
JAN -5 2012
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**VIRGINIA BEACH RACQUET CLUB
NORTH ASSOCIATES, L.P.,**

        Plaintiff,

v.                                          CIVIL ACTION NO. 2:11cv447

**THE TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT,**

**WILLIS OF VIRGINIA, INC.,**

**And SHIRLEY FOREHAND,**

        Defendants.

## *ORDER*

This matter is currently before the Court to resolve objections to the Magistrate Judge's report and recommendation.

Plaintiff, Virginia Beach Racquet Club North Associates, L.P. ("the Club"), brought several claims in the Circuit Court for the City of Virginia Beach against Defendants, The Travelers Indemnity Company of Connecticut ("Travelers"), its insurer, along with Willis of Virginia, Inc. ("Willis") and Shirley Forehand ("Forehand"), an employee of Willis who served as the agent and broker for the Travelers insurance policy. The Club attempts to recover losses it sustained when its indoor tennis facility collapsed under the weight of heavy snowfall.

On August 11, 2011, Travelers removed this case to this Court and filed a Motion to Realign Defendants Willis and Forehand, claiming that these parties were more properly

1

plaintiffs because their interests in the dispute were adverse to Travelers.[1] *See* Def.'s Mem. Supp. Mot. Realign Parties 1, ECF No. 3. The Club opposed the motion and filed a Motion to Remand the case to the Virginia Beach Circuit Court.

This Court, on September 21, 2011, entered an order designating United States Magistrate Judge Douglas E. Miller ("Magistrate Judge Miller") to conduct hearings and submit proposed findings of fact and, if applicable, recommendations for the disposition of these motions.[2] On October 12, 2011, Magistrate Judge Miller filed his report and recommendation ("the Report") in which he recommended that Travelers' Motion to Realign be DENIED and the Club's Motion to Remand be GRANTED. The Report also advised the parties of their right to file written objections to Magistrate Judge Miller's findings and recommendations. On October 26, 2011, Travelers filed objections to the Report, and on November 7, 2011, the Club filed its opposition to Travelers' objections.

When reviewing a magistrate judge's report and recommendation on non-dispositive matters, the Court does not conduct *de novo* review. Rather, it "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

In determining whether Willis and Forehand would be aligned more properly as plaintiffs, courts of the Fourth Circuit apply the "principal purpose test." According to this test, the Court

---

[1] Travelers also filed a Motion to Dismiss Count IV of the Complaint. However, because the Court affirms Magistrate Judge Miller's recommendations, the Court views it as appropriate to reserve the resolution of this motion for the Virginia Beach Circuit Court.

[2] Under 28 U.S.C. § 636(b)(1)(B), "a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . ."

must "[f]irst . . . determine the primary issue in the controversy. Next, the court should align the parties according to their positions with respect to the primary issue. If the alignment differs from that in the complaint, the court must determine whether complete diversity continues to exist." *U.S. Fid. & Guar. Co. v. A & S Mfg. Co., Inc.*, 48 F.3d 131, 133 (4th Cir. 1995).

In recommending that Travelers' motion be denied, Magistrate Judge Miller concluded that the actual controversy in this case hinged upon determining which parties, if any, were responsible for the alleged underpayment of the Club's losses. *See* Mag. Judge's R&R 5, ECF No. 32. Magistrate Judge Miller found that many of the allegations contained within the Plaintiff's complaint "present a fact-intensive dispute about the degree to which any of these parties bears responsibility for the underinsurance alleged." *Id.* at 6. In other words, he concluded that the principal purpose of this dispute was determining liability for the underpayment. That finding was predicated largely upon the fact that the Club's claims were not based primarily on the language of their policy with Travelers. Notwithstanding any liability determination respecting Travelers, both Defendants Willis and Forehand could still be held liable.

It is undisputed that the Club's coverage under this policy is part of this litigation; however, it is not the foremost issue upon which this case focuses. Nothing in Travelers' objections suggests that Magistrate Judge Miller's findings were "clearly erroneous" or "contrary to law." The Club's complaint clearly sets forth allegations which show that the Court should not construe Willis and Forehand as plaintiffs to this action. In light of these facts and the arguments which Magistrate Judge Miller details in the Report, the Court concludes that realignment would be improper.

3

The Court has carefully and independently reviewed the record in this case and the objections to the Report. Having done so, the Court finds that there is no merit to the objections of the Defendant. Accordingly, the Court does hereby accept the findings and recommendations set forth in Magistrate Judge Miller's report in the case at bar.

It is, therefore, **ORDERED** that Defendant's Motion to Realign is **DENIED** and Plaintiff's Motion to Remand is **GRANTED.**

**IT IS FURTHER ORDERED** that this case be **REMANDED** to the Circuit Court for the City of Virginia Beach.

The Clerk of the Court is **DIRECTED** to send a copy of this Order to counsel of record.

**IT IS SO ORDERED.**

                                                       Raymond A. Jackson
                                                       United States District Judge

Norfolk, Virginia
January 5, 2012